IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | | Criminal Action No. RDB-10-0298 |
| QUINCY LAMONT SALLIEY, | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM ORDER**

Defendant Quincy Salliey ("Salliey") was arrested after officers of the Baltimore Police Department searched his vehicle and discovered 47 gelcaps of heroin and a 9mm handgun. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), Salliey pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Plea Ag't ¶1, ECF No. 32.) This Court sentenced Salliey to the agreed sentence of 204 months' imprisonment, followed by five years of supervised release. (Judgment 1–2, ECF No. 38; Statement of Reasons 2, ECF No. 39.) His projected release date is March 30, 2025. (*See* Gov't's Resp. Opp. 2, ECF No. 78.)

After attaining his GED and completing several self-betterment and vocational training programs, Salliey filed a Motion for Reduction in Sentence on June 30, 2021 (ECF No. 74). Salliey seeks compassionate release on several grounds, arguing that his sentence is disproportionate to his offense, that he has served a substantial percentage of that sentence, that he has been extensively rehabilitated, and that he is susceptible to Covid-19. (Def.'s Mot. 28–35, ECF No. 74.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Petitioner Quincy Salliey's

Motion for Reduction in Sentence (ECF No. 74) is construed as a Motion for Compassionate Release and is **GRANTED**. Salliey's sentence shall be reduced to time served.

## BACKGROUND

On or about May 27, 2010, plainclothes officers with the Baltimore Police Department observed an individual exit 657 Bartlett Avenue carrying a plastic bag containing narcotics. (*See* Plea Ag't ¶ 6a, ECF No. 32.) The individual entered a vehicle and handed the bag to Defendant Quincy Salliey ("Salliey"). (*Id.*) The officers searched the vehicle and found 47 gelcaps filled with heroin, $2,249.00 in cash, and a black 9mm handgun. (*Id.*) Following his arrest, Salliey waived his *Miranda* rights and admitted his ownership of the gun and the drugs. (*Id.*) On June 30, 2010, Salliey was charged with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule 1 controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm with ammunition in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (Indictment, ECF No. 1).

On January 14, 2011, Salliey pled guilty to Count One in exchange for the dismissal of Counts Two and Three. (Plea Ag't ¶¶ 1, 12.) Prior to this incident, Salliey had been convicted of four criminal offenses under Maryland law, including one charge of CDS Unlawful Manufacture and CDS Conspiracy, and three separate offenses for Possession with Intent to Distribute CDS. (*Id.* ¶ 6(b).) Accordingly, the parties stipulated to sentence enhancement as an armed career criminal under 18 U.S.C. § 924(e), resulting in a criminal history category of VI and a final adjusted offense level of 31. *See* U.S.S.G. §§ 4B1.4, 3E1.1. (Plea Ag't ¶ 6(b).)

These considerations yielded a sentence range of 188 to 235 months under the advisory United States Sentencing Guidelines. (*See* Statement of Reasons 1, ECF No. 39.) Nevertheless, pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), the parties agreed to a stipulated sentence of 204 months' imprisonment. (Plea Ag't ¶ 11.)

On March 30, 2011, this Court imposed the agreed sentence, along with five years of supervised release. (*See* Sentencing, ECF No. 37; Judgment 2–3, ECF No. 38.) Salliey appealed to the United States Court of Appeals for the Fourth Circuit, and the Court of Appeals upheld the Defendant's sentence. (Appellate Judgment, ECF No. 50.) On May 15, 2013, the Salliey filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and a Memorandum of Law alleging a Sixth Amendment claim of ineffective assistance of counsel. (Mot. Vacate 5, ECF No. 52; Pet'r's Repl. Supp. 5–6, ECF No. 64.) On August 1, 2014, this Court denied that motion. (Aug. 1, 2014 Mem. Op., ECF No. 66.) Salliey is currently scheduled to be released from prison on March 30, 2025, and has served over ten years of his sentence. He requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

## ANALYSIS

As Salliey has filed his motion pro se, his arguments are afforded a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se filings are "held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1975))); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole

discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## I.    Administrative Exhaustion Requirements

Salliey has satisfied the preconditions to filing his Motion for Compassionate Release. On April 12, 2021, Salliey submitted an "Inmate Request to Staff" addressed to the warden of his facility, requesting a reduction in sentence on the same grounds alleged in this motion. (*See* ECF No. 74-2.) As more than 30 days have elapsed since Salliey's request was submitted to the warden, his motion for compassionate release is properly before this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

## II.    Extraordinary and Compelling Reasons

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious

physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," faces extraordinary and compelling circumstances that may justify release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's Guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for compassionate release motions filed by a defendant in the wake of the First Step Act). As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord McCoy*, 981 F.3d at 281 (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'"). Exercising this discretion, this Court has determined that "extraordinary and compelling circumstances" justify considering Salliey's motion.

5

Salliey offers four potential "extraordinary and compelling reasons" to grant him compassionate release. These include: (1) the severity and disproportionality of his sentence relative to his offense; (2) the substantial portion of that sentence Salliey has already served; (3) his extensive rehabilitation; and (4) his vulnerability to COVID-19. (*See* Def.'s Mot. 2–4.) Collectively, this Court finds these arguments persuasive.

Salliey's contention regarding COVID-19 is unpersuasive. This Court has determined that a heightened susceptibility to COVID-19 may constitute an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). However, "the coronavirus is 'not tantamount to a get out of jail free card.'" *United States v. Hiller*, No. ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (quoting *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020)). Accordingly, for COVID-19 to constitute an "extraordinary and compelling" circumstance, the defendant must allege that they have a "particularized susceptibility" to COVID-19. *See, e.g.*, *United States v. Petway,* No. 21-6488, 2022 WL 168577, at * 2 (4th Cir. Jan. 19, 2022). Throughout his motion, Salliey highlights the dangers presented by COVID-19, and the rapid spread of the virus throughout the incarcerated population. (*See* Def.'s Mot. 28–31.) However, as the Government observes, Salliey "has failed to provide any evidence that he suffers from any underlying medical condition that may make him vulnerable or susceptible to COVID-19." (Gov't's Resp. 7.)

Nevertheless, this Court concludes that the length of Salliey's sentence, the substantial time he has already served, and his strong evidence of rehabilitation are collectively sufficient. Salliey was sentenced to a term of 204 months, or seventeen years, for possession of a firearm.

(*See* Judgment 2.) The record reflects that he has already served a substantial portion of that sentence, and that he is scheduled to be released in just over two years. (*See* Gov't's Resp. 2.) During his incarceration, Salliey has received his GED, and completed several self-betterment courses and vocational training programs, providing strong evidence of rehabilitation. (*See* Certificates of Completion, ECF No. 74-1.) Taken together and evaluated holistically, these factors are sufficiently "extraordinary and compelling" to justify considering Salliey's request for compassionate release. *See, e.g., United States v. Jenkins*, No. DKC 12-0043, 2021 WL 5140198, at *4 (D. Md. Nov. 4, 2021) (concluding that lengthy sentence and rehabilitation supported sentence reduction in light of national trends favoring lenient interpretation of career offender provisions); *United States v. Ramsay*, 538 F. Supp. 3d 407, 425–26 (S.D.N.Y. 2021) (finding "compelling evidence of rehabilitation" and "the mandatory nature of the sentence" sufficient to consider compassionate release motion). Accordingly, this motion will turn on this Court's application of the 18 U.S.C. § 3553(a) factors.

### III.    18 U.S.C. § 3553(a) Factors

A court must conduct an "individualized assessment" of a defendant's circumstances under 18 U.S.C. § 3553(a) to determine whether he is eligible for a sentence reduction. *McCoy*, 981 F.3d at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. §

3582(c)(1)(A); 18 U.S.C. § 3553(a). On balance, these factors justify a time served sentence and immediate compassionate release.

Salliey's personal history and characteristics are somewhat equivocal. His current sentence is the product of his designation as an armed career criminal pursuant to 18 U.S.C. § 924(e), as agreed by the parties and stipulated in Salliey's Plea Agreement. (*See* Plea Ag't ¶ 6(b).) This sentence enhancement was the result of four prior state felony convictions related to the manufacture and distribution of controlled substances. (*Id.*) This record could suggest that Salliey is prone to recidivism, heightening the imperative of a sentence that will promote respect for the law and deter criminal conduct. 18 U.S.C. § 3553(a)(3). However, "[w]hile serious, his offense was by no means as dangerous as some, and his criminal history was not as troubling as many that qualify for ACCA treatment." *Jenkins*, 2021 WL 5140198, at *4. Although Salliey's instant offense involved possession of a firearm, the record reflects that he has not engaged in violent crime. Additionally, Salliey's ACCA predicate offenses were committed between 1995 and 2003, when he was in his early twenties. (*See* Plea Ag't ¶ 6(b).) He is now more than forty-eight years old. (*See* Def.'s Mot. 3–4, 34; Gov't's Resp. 6.) Salliey's relatively young age at the time of his prior offenses and his entirely nonviolent record reduce the weight of his criminal history, suggesting that a prolonged sentence may not be necessary to protect the public.

Salliey's evidence of post-sentencing rehabilitation underscores this determination, and weighs heavily in favor of compassionate release.[1] *See Pepper v. United States*, 562 U.S. 476, 491

---

[1] Although the government argues that Salliey's "rehabilitative efforts while incarcerated . . . *alone*, are not enough to warrant a sentence reduction," (Gov. Resp. 9

(2011) (holding that "evidence of postsentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant'" and "'the need for the sentence imposed'" (quoting 18 U.S.C. § 3553(a))). Salliey attaches thirty-three pages of certificates to his motion, indicating his attainment of his GED and his completion of a wide array of courses related to professional development and personal improvement. (*See* Certificates of Completion, ECF No. 74-1.) These courses include practical skills development courses in financial literacy, drug safety, and parenting, as well as vocational training courses related to food protection, drywall installation, and typing. (*See id.*) Moreover, Salliey's rehabilitation is not merely quantitative: Those who have worked with Salliey commend his "sound character and value," noting that "he maintains honesty and consistency in everything that he endeavors to do." (Letters of Support, ECF No. 74-3.) Collectively, this evidence of rehabilitation favors granting Salliey's motion and alleviating his sentence.

Finally, this Court finds that the length of Salliey's sentence is unnecessary to serve the interests of deterrence and public safety, and disproportionate to similarly-situated offenders. Salliey pled guilty to possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and received a 204-month sentence for this offense. According to the U.S. Sentencing Commission, the average sentence for defendants convicted of a Section 922(g) violation is only 58 months. U.S. SENTENCING COMM'N, QUICK FACTS, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Felon _In_Possession_FY19.pdf. Although Salliey's sentence is the result of an agreed-upon career

_____

(emphasis added)), Salliey's rehabilitation must be viewed alongside the other 3553(a) factors. For the reasons reviewed herein, those factors weigh in favor of compassionate release.

offender enhancement under the Armed Career Criminal Act, the national headwinds have begun to trend away from harsh ACCA sentences. *See Jenkins*, 2021 WL 5140198, at *4 (observing that "while the ACCA statute has not changed, the interpretation of it has," as "prosecutors and courts have taken a more lenient stance on its interpretation"). Accordingly, Salliey's sentence may be disproportionate to what a similarly-situated offender would likely have received today. Finally, as Salliey has "served a very significant portion of the initial sentence and . . . has made good use of the available resources in prison," *id.*, this Court is confident that the interests in just punishment, respect for the law, and rehabilitation have already been served.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** this 13th day of February, 2023, that Defendant Quincy Salliey's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 74) is **GRANTED**. Specifically:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant Quincy Salliey's term of incarceration is reduced to time served;

2. Defendant Quincy Salliey shall be placed on supervised release for a period of five years, consistent with the terms of the Judgment and Commitment Order dated March 31, 2011, and subject to all conditions specified therein;

3. All conditions of supervised release shall remain in effect;

4. An Amended Judgment & Commitment Order shall be prepared to reflect Defendant Quincy Salliey's reduction in sentence;

5. The Bureau of Prisons is directed to place Defendant Quincy Salliey in quarantine for a period of 14 days;

6. Upon completion of the 14-day quarantine period, the Bureau of Prisons shall forthwith release Defendant Quincy Salliey from custody;

7. Defendant Quincy Salliey shall report to the probation office in the district to which he is released within 72 hours of his release from custody;

8. Pretrial/Probation shall review all conditions of release with Defendant Quincy Salliey; and

9. The Clerk of the Court shall send copies of this Memorandum Order to the parties.

_____/s/_____
Richard D. Bennett
United States Senior District Judge